# M'Night *versus* Biesecker.

There is nothing, in our statutes for the suppression of lotteries, forbidding a citizen of Pennsylvania from purchasing, or causing to be purchased, a lottery ticket in the state of Maryland, where lotteries are authorized by law; and an action for the proceeds will lie, by the person for whom the ticket was purchased, in pursuance of an agreement made in Pennsylvania, against him who purchased the ticket for the plaintiff, and received the proceeds of it, in Baltimore.

ERROR to the Common Pleas of *Adams county.*

This was an action by Biesecker *vs.* McNight, to recover a sum of money, the proceeds of a lottery ticket which plaintiff alleged had been purchased for him, in the city of Baltimore, by the de-

[M'Night *v.* Biesecker.]

fendant, and upon which the money in dispute had been drawn. Both of the parties lived in Adams county. There was no distinct evidence where the arrangement to purchase the ticket was made; but see charge of the court.

Defendant denied that the ticket was purchased for the plaintiff, and alleged that, in any event, there could not be a recovery against him, on account of the illegality of the transaction; and his counsel asked the court to instruct the jury that the plaintiff was not entitled to recover.

Charge of the court:

This is an action for money had and received. The facts are fully stated by a single witness, the only one examined on either side.

The plaintiff employed the defendant to purchase a lottery ticket for him in the city of Baltimore. The ticket was there purchased by the defendant for the plaintiff, and retained by him until the lottery was drawn, when he called with the lottery broker, and received the proceeds of a prize payable on the ticket, to the amount of two hundred and twelve dollars. The only evidence in the case, as to WHERE the arrangement was made between the plaintiff and defendant, as to the purchase of the ticket, was that both plaintiff and defendant resided in Pennsylvania at the time, and that the defendant was on a visit to Baltimore when he made the purchase, from which it is fairly inferable that it was made in Pennsylvania. It is contended by the defendant that there can be no recovery against him, because, by the laws of Pennsylvania, lotteries are unlawful, and all transactions growing out of them are unlawful, and will not be enforced by our courts. A transaction or contract founded upon that which is either *malum in se* or *malum prohibitum* will not be enforced by our courts. But is this either? It is admitted that lotteries are lawful in the state of Maryland; and there is no law of Pennsylvania which prohibits a citizen of Pennsylvania from purchasing a lottery ticket in Maryland. The case presented, then, is simply this: the plaintiff procured the defendant to purchase a ticket for him in Baltimore. He did so. That ticket drew a prize which entitled the plaintiff to receive two hundred and twelve dollars. After the lottery was drawn, the defendant called and received the money for the plaintiff, and now refuses to pay it to him, because the transaction was unlawful. We think it was not unlawful; and if it was, the defendant cannot take advantage of it; and therefore instruct you, that if you believe the facts in evidence, the plaintiff is entitled to recover.

Errors assigned:

1. The court erred in assuming, as a fact, and charging the

[M'Night *v*. Biesecker.]

jury, that the ticket which drew the prize was purchased and held by the defendant for the plaintiff; and that the money subsequently received by the defendant, was received as the agent of the plaintiff, and for him.

2. The court erred in charging the jury that the transaction was not unlawful; that if it was unlawful, the defendant could not take advantage of it; and that if they believed the facts in evidence, the plaintiff was entitled to recover.

*D. McCreary* for plaintiff in error.—All lotteries are declared public nuisances; and the buying, selling or being in any way concerned in the sale of them is prohibited under penalties: Act 17th February, 1762; 1 *Smith's Laws*, 462; *Dunlop*, 56; act of 1st March, 1832; *Dunlop*, 493.

It can make no difference that the ticket was purchased in Maryland. The contract between the plaintiff and defendant was made in this state. The ticket was to be brought here for the plaintiff, and he has chosen his forum here. But if even the contract had been made in Maryland, it would not be enforced by our courts. 2 *Kent's Commentaries*, 458, and note and authorities there cited; *Story on Conflict of Laws*, 203, 215; 6 *Mass. R.* 359, 377, 380; 1 *Gall. R.* 371–5.

The plaintiff was not bound to receive or pay for any ticket purchased for him; nor could defendant have recovered from him any commissions or money advanced in this transaction. *Story on Agency*, secs. 195, 330, 344, 346; 4 *Dallas* 298.

An agent may defend himself in a suit for money received in the course of his agency, by showing that the subject matter of the agency was an illegal or immoral transaction, or is against public policy. *Story on Agency*, secs. 235, 195; 1 *W. & S.* 181.

A claim founded upon a transaction *malum prohibitum* or *malum in se*, cannot be enforced by action of any kind; and the test to ascertain whether a demand is so connected with an illegal transaction as to be incapable of enforcement, is whether or not the plaintiff requires any aid from such illegal transaction to establish his case. 4 *Dallas*, 269, 298; Biddis *vs*. James, 6 *Binn*. 321; Seidenbender *vs*. Charles, 4 *S. & R.* 151–9; Swann *vs*. Scott, 11 *S. & R.* 164; Eberman *vs*. Reitzel, 1 *W. & S.* 181–4; *Chitty on Conts.* 6 ed. 657–8; 7 *W. & S.* 233.

*Buehler* and *Smyser* were for defendant, but the court declined to hear them.

The opinion of the court was delivered, June 3, by

BURNSIDE, J.—There is nothing, in our statutes for the suppression of lotteries, forbidding a citizen of Pennsylvania from purchasing, or causing to be purchased, a lottery ticket in the

state of Maryland, or in any other state of this Union, where lotteries are authorized by law.

In Scott *vs.* Duffy, decided last spring in Philadelphia, we held that where two persons being at a horse race, at Camden, in New Jersey, one lending to the other one hundred dollars, which he wished to borrow to bet on the presidential election, that the money was recoverable by the lender; because the law of the place where the contract was made must furnish the rule for its interpretation, when it concerns personal property situated in the sovereignty where the parties are at the time, and where it is to be performed. When a contract is to be performed where it is made, the *lex loci* is the rule of decision.   2 *Bay*, 378.   It is true, the money to purchase the ticket in Baltimore was to be paid in this state; but this was not against any statute or common law of Pennsylvania. The receipt of the money drawn by the ticket was not unlawful by the laws of Maryland; but the refusal to hand it over, when he returned to Pennsylvania, was dishonest and unlawful; and the court was right in directing the jury to find for the plaintiff.

The judgment is affirmed.